**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **MICHAEL ROMINES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 1:14-cv-28** |
| | ) | |
| **VITRAN EXPRESS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION and ORDER

Before the Court is Defendant Vitran Express, Inc.'s motion to compel discovery

responses from *pro se* Plaintiff Michael Romines. (Docket # 19.)  On August 18, 2014, Romines

filed a "Motion for Discovery Judgment" (Docket # 21), which was deemed to be his response to

the instant motion (Docket # 22).  Vitran has filed its reply (Docket # 23); thus, the matter is ripe

for ruling.  For the following reasons, Vitran's motion will be granted in part and taken under

advisement in part.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Romines filed his state court complaint on December 31, 2013, alleging that he had been

wrongfully terminated from his position "as a city semi driver for the Fort Wayne terminal."

(Docket # 1.)  Vitran removed the case to this Court on January 30, 2014. (Docket # 2.)

At the March 31, 2014, Preliminary Pretrial Conference, the Court approved the Report

of the Parties' Planning Meeting (except the dispositive motions deadline and establishment of a

trial date) (Docket # 17), setting an October 1, 2014, discovery deadline (Docket # 18).

On June 9, 2014, Vitran served its First Set of Interrogatories and First Request for

Production on Romines. (Dft.'s Mot. to Compel 1.)  Romines did not respond to the discovery

requests by the July 14, 2014, deadline, and did not request additional time to respond. *Id*. On

July 22, 2014, Vitran emailed Romines inquiring on the status of his discovery responses. *Id.* at

Ex. C.  Nearly a week later, on July 28, 2014, Romines replied stating that Vitran would need to

obtain the information from non party Hal Briand (the President of Vitran). *Id.* at Ex. D.

On August 4, 2014, Vitran emailed Romines explaining that his refusal to provide

discovery responses was improper and gave him until August 8, 2014, to submit his responses.

*Id.* at Ex. D.  Vitran warned Romines that his failure to comply would force it to file the instant

motion. *Id.*  Romines responded that same day, again refusing to provide discovery responses

and directing Vitran to Briand. *Id.* at Ex. F.

Thereafter, Vitran filed its motion to compel on August 11, 2014, arguing that Romines's

failure to timely respond to the discovery requests was improper under Federal Rules of Civil

Procedure 33 and 34. (Docket # 19.)  Vitran also requests attorney's fees for the efforts expended

with the discovery dispute.  In response, Romines essentially repeats his explanation in the

emails; namely, Briand should be responsible for providing his discovery responses.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any nonprivileged

matter that is relevant to any party's claim or defense . . . ."  For the purpose of discovery,

relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably

could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez

v. Daimler Chrysler*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v.

Sanders*, 437 U.S. 340, 351 (1978)).  "When the discovery sought appears relevant, the party

resisting the discovery has the burden to establish the lack of relevance by demonstrating that the

requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.*

Rule 33 enables a party "to serve written interrogatories on another party and imposes a duty on the served party to answer each interrogatory separately and fully." *Romary Assocs., Inc. v. Kibbi, LLC*, No. 1:10-cv-376, 2011 WL 4005346, at * 2 (N.D. Ind. Sept. 8, 2011) (internal quotation and citations omitted). Likewise, Rule 34 allows a party to obtain access to documents and things within the control of the other parties. *Henderson v. Zurn Indus., Inc.*, 131 F.R.D. 560, 567 (S.D. Ind. 1990). Pursuant to Rule 37, if a party does not respond to an interrogatory or request for production, the requesting party may move the Court to compel the opposing party to respond. *Romary Assocs., Inc.*, 2011 WL 4005346, at *2.

### III. ANALYSIS

Romines's refusal to provide his discovery responses, and his insistence that Briand provide his responses is improper. To clarify, Romines does not contend that the discovery requests are improper; rather, he simply believes that someone other than himself should be responsible for responding.

Contrary to Romines's assertion otherwise, Rule 33(b)(1)(A) states that "interrogatories must be answered by the party to whom they are directed . . . ." Likewise Rule 34(b)(2)(A-B) states that "[t]he party to whom the request is directed must respond . . . [and] the response must either state that the inspection and related activities will be permitted as requested or state an objection to the request . . . ."

Clearly, Romines has failed to satisfy these basic requirements. "[E]ven pro se litigants must follow procedural rules. *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009); *see Jones v.*

*Chase Manhattan Bank USA, NA*, No 1:07-cv-58, 2007 WL 3286854, at *2 (N.D. Ind. Nov. 5, 2007) ("[I]t is not a proper objection to discovery to suggest that the other party already has the information or that it is available elsewhere."); *see also Bretana v. Int'l Collection Corp.*, No. C07-05934, 2008 WL 4334710, at *4 (N.D. Cal. Sept. 22, 2008) ("A requested party may not refuse to respond to a requesting party's discovery request on the ground that the requested information is in the possession of the requesting party.") (quoting *Davidson v. Goord*, 215 F.R.D. 73, 78 (W.D.N.Y. 2003)).

## IV.  CONCLUSION

For the reasons stated herein, Vitran's motion to compel (Docket # 19) is granted in part. Romines has up to and including September 12, 2014, to completely and accurately respond to Vitran's discovery requests.  Romines is directed to file his discovery responses with the Court in accordance with Local Rule 26-2(a)(2)(A).

Vitran's request for attorney's fees is taken under advisement, and Vitran is to file an affidavit concerning the fees sought by September 2, 2014.  Romines is to file a response to Vitran's request for attorney's fees by September 12, 2014.

SO ORDERED.

Enter for this 28th day of August 2014.

/s/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge