UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MICHAEL ROMINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:14-cv-28 |
| | ) | |
| VITRAN EXPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION and ORDER

On August 28, 2014, this Court granted Defendant Vitran Express, Inc.'s motion to compel discovery responses from *pro se* Plaintiff Michael Romines and took its request for attorney's fees under advisement. (Docket # 24.) The Court afforded Vitran through September 2, 2014, to file an affidavit concerning the fees sought, and Romines through September 12, 2014, to respond to Vitran's request for fees.

Vitran timely filed the affidavit. (Docket # 25.) Romines, however, has not responded to Vitran's request for fees, and the time to do so has since passed. Accordingly, Vitran's motion for fees will be GRANTED, except that the requested award will be reduced from $1,504.50 to $1,199.00.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Romines filed his state court complaint on December 31, 2013, alleging wrongful termination, and Vitran then removed the case to this Court. (Docket # 1, 2.) At the March 31, 2014, preliminary pretrial conference, the Court set an October 1, 2014, discovery deadline. (Docket # 18.)

On June 9, 2014, Vitran served its first set of discovery requests, but Romines did not

respond by the July 14, 2014, deadline. (Dft.'s Mot. to Compel 1.) On July 22, 2014, Vitran emailed Romines inquiring on the status of his discovery responses. (*Id*. at Ex. C.) Romines replied stating that Vitran would need to obtain the information from nonparty Hal Briand (the President of Vitran). (*Id*. at Ex. D.) Vitran explained to Romines that his refusal to provide discovery responses was improper, warning him that his failure to comply by August 8, 2014, would result in the filing of a motion to compel. (*Id.*) Romines, however, again refused to comply and directed Vitran to Briand. (*Id.* at Ex. F.)

Vitran filed the motion to compel and request for attorney's fees on August 11, 2014. (Docket # 19.) Romines timely responded, essentially repeating his prior explanation–namely, that Briand should be responsible for providing his discovery responses. (Docket # 21.) As explained above, this Court granted Vitran's motion to compel and ordered Romines to file his responses to Vitran's discovery requests by September 12, 2014, but took Vitran's request for fees under advisement. (Docket # 24.) The Court afforded Vitran through September 2, 2014, to file an affidavit concerning the fees sought, and Romines through September 12, 2014, to respond to Vitran's request. (Docket # 24.) Vitran timely filed the affidavit (Docket # 25), but Romines has not filed his discovery responses or responded to Vitran's request for fees.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 37(a)(5) governs the imposition of expenses and sanctions related to a motion to compel.  It provides, in pertinent part:

> (A) If the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court must, after affording an opportunity to be heard, require the party . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:

>(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5(A). This Rule "presumptively requires every loser to make good the victor's costs[.]" *Rickels v. City of South Bend*, 33 F.3d 785, 786 (7th Cir. 1994). Such fee-shifting "encourages . . . voluntary resolution" of discovery disputes and "curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Id.* at 787. Accordingly, "the loser pays" unless he establishes "that his position was substantially justified." *Id.* at 786-87.

## III. ANALYSIS

Here, Romines was afforded an opportunity to be heard on Vitran's request for fees and expenses, but he has apparently chosen to remain silent, suggesting that he has no objection. Moreover, the record reflects that Vitran attempted in good faith to obtain the discovery without court action, and that Romines's nondisclosure of discovery responses was not substantially justified.

The Court, however, must still satisfy itself that the amount requested in obtaining the order on the motion to compel is reasonable, both as to the hourly rate and the hours expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983) (stating that the starting point for determining the amount of reasonable fees is the number of hours reasonably expended on the case multiplied by a reasonable hourly rate, which is commonly referred to as the "lodestar"); *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996) (applying the lodestar approach).

"The reasonable hourly rate is based on the 'market rate' for the services rendered." *Mattenson*

3

*v. Baxter Healthcare Corp.*, No. 02 C 3283, 2005 WL 1204616, at *1 (N.D. Ill. Feb. 11, 2005) (citing *People Who Care*, 90 F.3d at 1310). "An attorney's market rate is the rate that lawyers of similar experience and ability in the community normally charge their paying clients for the same type of work." *Id.* (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999)). "The hourly rate charged by the prevailing attorney is presumptively reasonable . . . ." *Slabaugh v. State Farm Fire & Cas. Co.*, No. 1:12-cv-1020, 2014 WL 1767088, at *3 (S.D. Ind. May 1, 2014) (citing *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993)).

Here, Vitran's counsel, Bonnie Martin, filed an affidavit reflecting her hourly rate of $315 in this matter and the $235 hourly rate of her co-counsel, Michelle Maslowski. (Martin Decl. ¶ 4.) Martin attests that these rates are "consistent with rates charged by attorneys of similar experience who practice labor and employment law at comparable firms located in Indiana." (Martin Decl. ¶ 5.) The Court finds that Vitran has adequately carried its burden to establish the market rate of its attorneys.

Turning to the hours expended, however, there are several entries that reflect excessive time in light of the contents of the motion. *See, e.g.*, *Mattenson*, 2005 WL 1204616, at *5 (finding certain fees not recoverable where they were "not reasonable in light of the task completed and the amount of time on such task"). The first is the 2.7 hours spent by Attorney Maslowski drafting, revising, and finalizing the motion to compel, which was just three pages in length; this time will be reduced by .7 hours. Similarly, the 1.6 hours Attorney Maslowski spent drafting the three-page reply to the motion to compel will be reduced by .6 hours. *See Primex, Inc. v. Visiplex Techs., Inc.*, No. 05-C-515-S, 2006 WL 538992, at *2 (W.D. Wis. Feb. 24, 2006) ("[A] court may properly rely on its own experience to estimate the time reasonably required for the work claimed.").

Accordingly, Vitran's request for attorney's fees will be GRANTED, except that its requested

4

fee award will be reduced from $1,504.50 to $1,199.00.

## IV.  CONCLUSION

For the reasons stated herein, Vitran's motion for attorney's fees (Docket # 19) is GRANTED, except that its requested award of $1,504.50 is reduced to $1,199.00.  Plaintiff shall pay the attorney fee award to Vitran's counsel in the amount of $1,199.00 on or before October 29, 2014.  The Clerk is directed to send a copy of this order to Plaintiff at his address of record.

SO ORDERED.

Enter for this 29th day of September 2014.

/s/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge